UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

AMANDA B. JOHNSON,                                                Case No. 3:19-cv-01383-AC

                            Plaintiff,                                     OPINION AND ORDER

        v.

SUTTELL AND HAMMER, P.S., a
corporation, and NICHOLAS R. FILER, an
individual,

                            Defendants.

_____

ACOSTA, Magistrate Judge:

        Plaintiff Amanda B. Johnson ("Johnson"), a self-represented litigant, brings this action

against Defendants Suttell and Hammer, P.S. ("Suttell") and Nicholas R. Filer ("Filer")

(collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.  Johnson asserts that Defendants violated the FDCPA

when they initiated a collections action in state court on behalf of their client, Barclays Bank

Delaware ("Barclays") to recover outstanding debt on a credit card issued to Johnson.  Presently

Page 1  – OPINION AND ORDER

before the court is Defendants' Motion for Summary Judgment.   The parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c).   For following reasons, Defendants' motion is granted.[1]

### Preliminary Procedural Matters

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Holt v. Noble House Hotels & Resort, Ltd.*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)).   "But '[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form.   We instead focus on the admissibility of its contents.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)); *see* FED. R. CIV. P. 56(c)(2).   "If the contents of a document can be presented in a form that would be admissible at trial – for example, through live testimony by the author of the document – the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Id.*

Johnson objects to the Declarations of Kevin H. Kono and Nicholas Filer and their attached Exhibits filed by Defendants in support of their summary judgment motion.   Johnson predominantly argues that the documents are hearsay and have not been properly verified.   (Pl.'s Opp'n at 11, 14, 16.)   The court interprets her objections as a move to strike the Declarations and their Exhibits.   Johnson's objections lack merit because the documents are clearly business records or public records, or were produced by Johnson herself, as explained in detail below.

---

[1] The court finds this motion suitable for resolution without oral argument pursuant to Local Rule 7-1(d)(1).

Johnson objects to Exhibit 1 of the Kono Declaration which contains monthly credit card billing statements from December 2015 to December 2018 produced by Johnson to Defendants. (Pl.'s Am. Opp'n at 11; ECF No. 34; Kono Decl. Ex. 1, ECF No. 28-1.)   Johnson also objects to Exhibit 1 of the Filer Declaration, which similarly contains monthly credit card billing statements from December 2015 to December 2018, but which Barclays produced.   (Pl.'s Opp'n at 15-16; Filer Decl. Ex. 1, ECF No. 27-1.)   These documents are relevant and would be admissible if authenticated by Johnson's testimony or the testimony of a records custodian.   See FED. R. EVID. 803(6) (detailing business records exception to hearsay rule).   The documents contain Johnson's name, address, and the charges and payment information reflected in the monthly billing statements could be verified.   Because its present form would be admissible at trial with proper authentication, Johnson's objections to Exhibits 1 of Kono and Filer's Declarations are overruled and the court declines to strike the exhibits.   See Gray v. Suttell & Assocs., 123 F. Supp. 3d 1283, 1295 (E.D. Wash. 2015) (declining to strike credit card statements presented in support of summary judgment because they would be admissible at trial with proper authentication).

Johnson objects to Exhibit 2 of Kono's Declaration, which contains Johnson's bank statements dating from December 2015 to June 2018, produced by Johnson to Defendants during discovery in this action.   (Kono Decl. Ex. 2.)   The bank statements reflect an address matching Johnson's.   (Kono Decl. Ex. 2 at 47.)   The documents were produced by Johnson in redacted form, except to show payments made to "Barclaycard Visa Apple."   (See, e.g., Kono Decl. Ex. 2 at 4.)   Notably, Johnson does not contest the authenticity of her bank statements.   See Landaker v. Bishop, White, Marhall & Weibel, P.S., NO. C12-5898 RJB, 2012 WL 6025741, at *3 (W.D. Wash. Dec. 4, 2012) ("Plaintiff may not challenge documents that he previously provided without

objection to their authenticity.")   These documents are relevant and could be authenticated with Johnson's testimony; accordingly, the court declines to strike Exhibit 2.

Johnson objects to Exhibit 3 of Kono's Declaration, which contains documents produced by Johnson to Defendants during discovery in this lawsuit.   The documents are emails confirming purchases made with a credit card ending in digits 6576 and referencing Johnson, either as the cardholder, recipient, addressee, or traveler.   (*See, e.g.,* Kono Decl. Ex. 3 at 2 (reflecting airline tickets with traveler identified as Johnson), Ex. 3 at 9 (reflecting books purchased and shipped to Johnson).)   Johnson does not contest that the documents are authentic; rather she contends that she did not understand their import when she produced them.   Relevancy, not a party's opinion of the importance of a document, determines the document's admissibility.   Because these documents are relevant and could be authenticated at trial with Johnson's testimony; accordingly, the court declines to strike Exhibit 2.

Johnson objects to Exhibit 4 of Kono's Declaration, which is a chart created by Kono cross-referencing charges on the credit card account with documents produced by Johnson, including the confirming emails, payments to the Barclays Visa Apple from the bank statements, and the monthly billing statements in Exhibits 1, 2, and 3 discussed above.   The court concludes that the contents of the chart are relevant and would be admissible at trial if accompanied by appropriate authenticating testimony and, if necessary, the original source documents.   Therefore, the court declines to strike Exhibit 4.   *See Gray,* 123 F. Supp. 3d at 1296-97 (admitting flow chart on summary judgment because its contents could be authenticated by witness testimony at trial).

Johnson objects to Exhibit 5 of Kono's Declaration and Exhibit 7 of Filer's Declaration, which are copies of letters authored by Johnson entitled "Notices of Dispute" and sent to individuals at Barclays Bank PLC in London, England.   (Kono Decl. Ex. 5 at 1-54, ECF No. 28-

Page 4   – OPINION AND ORDER

5; Filer Decl. Ex. 7 at 38-83, ECF No. 27-7.)   Defendants represent they obtained the Notices of Dispute from Johnson during discovery in this lawsuit, and that several of the Notices also were attached to her Answer and Affirmative Defenses filed in the State Court Action.   The documents are relevant and could be authenticated by Johnson's testimony at trial.   Thus, the court declines to strike them.

Johnson objects to Exhibit 6 of Kono's Declaration, which consists of a copy of a letter from Deven Daniel of Barclays Bank Delaware to Johnson produced by Johnson during discovery in this lawsuit and attached documents, all supporting that Johnson opened the credit card account. (Kono Decl. Ex. 6, ECF No. 28-6.)   Johnson does not dispute that she opened the account; rather she contests that Barclays owns the account.   Exhibit 6 is relevant and could be authenticated at trial by testimony of Mr. Daniel or another records custodian.   *Gray*, 123 F. Supp. 3d at 1296 (providing that loan schedule and servicing agreement could be authenticated and declining to strike it on summary judgment).   Thus, the court declines to strike Exhibit 6.

Johnson objects to Exhibit 7 of Kono's Declaration, which is an email from Johnson to the court regarding this lawsuit and which she copied to Kono.   The email is relevant and the document can be authenticated at trial by Kono or Johnson through testimony.   The court declines to strike it.

Johnson objects to Exhibit 2 of Filer's Declaration, which is an Affidavit of Mike Noonan, and employee of Barclays Bank Delaware that Mr. Noonan executed and was submitted in support of Barclays' motion for summary judgment in the State Court Action.   (Filer Decl. ¶ 4, Ex. 2.) The Affidavit is sworn and signed by Mr. Noonan, and he attests he is employed by Barclays Bank Delaware and that it is based on personal knowledge.   (*Id.*)   Filer avers that he submitted Mr. Noonan's Affidavit in support of Barclays' motion in the State Court Action.   The Affidavit is

Page 5  – OPINION AND ORDER

relevant and would be admissible at trial with proper authentication or testimony by Mr. Noonan; the court declines to strike it.

Johnson objects to Exhibit 3 of Filer's Declaration, which is a partially redacted "History Report" from Suttell's files concerning Johnson.   (Filer Decl. Ex. 3 at 1, ECF No. 27-3.)   Filer attests that the unredacted portion shows that a demand letter was sent by a person with the initials IMG, consistent with Suttell's typical business practice, and that he is familiar with its business practices.   (*Id.*)   Johnson also objects to Exhibit 4 of Filer's Declaration, which is a demand letter dated January 21, 2019, sent by Suttell to Johnson.   (Filer Decl. Ex. 4, ECF No. 27-4.)   The court concludes that the documents are relevant, that Filer or a records custodian could authenticate the documents at trial, and that they would be admissible at trial with such authentication.   The court declines to strike them.   (*Id.*)

Johnson objects to Exhibits 5, and 8 through 11 of Filer's Declaration, which are copies of various filings in in the State Court Action filed by Barclays Bank Delaware against Johnson in Washington County Circuit Court, Case No. 19CV12250.   (Filer Decl. Ex. 5.)   Johnson's objections are unfounded.   Exhibits 5, and 8-11 are public records of which the court may take judicial notice.  *See* FED. R. EVID. 201(b); *Landaker*, 2012 WL 6025741, at *3 (noting that court may take judicial notice of public documents on summary judgment motion involving FDCPA claims).   The court does not consider or take as true disputed facts in the public documents. Thus, the court declines to strike Exhibits 5, and 8-11.

Johnson objects to Exhibit 6 of Filer's Declaration, which is a copy of the Barclaycard Visa with Apple Rewards credit card application that Filer obtained from Suttell's client file that he reviewed prior to filing the State Court Action complaint.   (Filer Decl. ¶ 8.)   Exhibit 6 to Filer's

Declaration is identical to Exhibit 6 of Kono's Declaration.    As noted, it is relevant and would be admissible with proper authentication from a records custodian.    The court declines to strike it.

To the extent that Johnson objects to certain factual statements in Kono's and Filer's Declarations, which she characterizes as "misleading" and "assumes facts not in evidence," or contends that Kono and Filer engaged in improper or untrustworthy conduct, her arguments are without merit.    (Pl.'s Am. Opp'n at 12-13, 15-16.)    The court has carefully reviewed the evidence and arguments of the parties and concludes her arguments are wholly unsupported by fact or law.    Johnson's baseless objections are summarily rejected.

In short, Johnson's objections to the Declaration of Kono and Filer and the attached Exhibits are without merit and are OVERRULED.    The court declines to strike any of the exhibits.

### Factual Background[2]

I.    Defendants

Suttell is a law firm based in Bellevue, Washington and is registered to conduct business in Oregon and other jurisdictions.    (Decl. Nicholas Filer ("Filer Decl.") ¶ 2, ECF No. 27.)    Suttell frequently represents clients in connection with efforts to collect on outstanding debts.    (*Id.*) Filer is an attorney in the Suttell firm, and he filed an action in Washington County Circuit Court against Johnson to collect credit card debt, entitled *Barclays Bank Delaware v. Amanda B. Johnson*, Case No. 19CV12250 ("State Court Action").

II.    Plaintiff Obtained Credit Card from BBD

---

[2] The court construes the facts and evidence in the light most favorable to Johnson as the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (providing that on summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party).

Johnson opened a credit card account ending in 6576 (the "account") with Barclays Bank Delaware ("Barclays" or "BBD") in 2015.    (Decl. Kevin H. Kono ("Kono Decl.") Ex. 6, ECF No. 28-6; Filer Decl. Ex. 6, ECF No. 27-6.)    The credit card application was completed electronically and provides that it is "Barclaycard Visa with Apple Rewards."    (*Id.*)    Plaintiff used her card to make purchases from 2015 through approximately June 2018.    (Decl. Nicholas Filer ("Filer Decl."), Ex. 1 at 2-160, ECF No. 27-1.)    Barclays sent monthly statements, entitled "Barclaycard Visa with Apple Rewards Statement" ("Statement" or "Statements"), to Johnson.    (*Id.*)    Each Statement reflects typical credit card billing information, including Johnson's name, address, purchase and payment activity, account number, interest rate, and minimum payment amount. (*See, e.g., Id.* at 1-3.)    Each statement also contains "Important Information" that includes "Your credit card is issued by Barclays Bank Delaware" and where to obtain additional information if the card is lost or stolen, where to mail payments, how interest is accrued, how to notify a credit bureau of a dispute, and how to report mistakes on the statement.    (*See, e.g., id.* at 4-5.)    From 2015 to August 2016, Johnson's mailing address on the account is Walker Avenue in Ontario, California.    (*Id.* at 1, 41.)    From September 2016 to December 2018, Johnson's mailing address on the account is 135th Avenue in Beaverton, Oregon.    (*Id.* at 46, 184.)    From 2015 through June 2018, Johnson made regular, timely payments on her credit card account.    (*Id.* at 1-184.)    In June 2018, Johnson stopped making payments on the credit card account.    (*Id.* at 154.)    As of December 12, 2018, Johnson owed $12,941.09.    (*Id.* at 184.)    The credit card account number did not change.

On June 1, 2018, Johnson sent a "Notice of Dispute" to James Edward Staley, Tushar Morzaria, and Bob Hoyt at Barclays Bank PLC in London, England.    (Kono Decl. Ex. 5 at 1, 7, 13, ECF No. 28-5.)    In that Notice of Dispute, Johnson contends that she disputes that she owes

the debt and that Barclays Bank PLC is in breach of their agreement because "Barclays Bank PLC has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account" and that it "received 'something-for-nothing'" by using her funds to make charges on the account while retaining her payments.  (*Id.* at 1-2, 7-8, 13-14.)  Johnson's Notice further contended that Barclays Bank PLC receives a payoff from insurance when accounts are ninety days or more overdue.  (*Id.* at 2, 8, 14.)  The Notice further insists that Barclays Bank PLC has violated the FDCPA and instructs Staley, Morzaria, and Hoyt or their staff to "verify" and "validate" her account by signing an enclosed Affidavit.  (*Id.* at 2-3, 6, 8-9, 12, 14-15, 18.)  The Affidavit provides that Barclays Bank PLC does not follow generally accepted accounting principles; it used its own money to purchase the loan agreement from the cardholder; it did not accept money from the cardholder to make purchases; that it does not receive a payoff from insurance for delinquent accounts; and that it transferred the account with full knowledge of all parties.  (*Id.* at 6, 12, 18.)

On June 26, 2018, Deven Daniel, from Barclays Office of the President responded by letter to Johnson.  (Kono Decl. Ex. 6, ECF No. 28-6.)  In the letter, Daniel informed Johnson that her account is handled by Barclays, that future correspondence should be sent to the Wilmington, Delaware address, and that he understood she was inquiring about the debt on her "Barclaycard Visa with Apple Rewards account."  (*Id.* at 1.)  Daniel explained that he investigated her account and confirmed that the account was opened in September 2015, and was used for purchases through May 2018, and that she had last made a payment on the account on May 10, 2018.  (*Id.*)  Daniel confirmed that credit reporting agencies did not reflect any disputes at the time, and that he was "adding a notice to the consumer credit reporting agencies that the information is disputed by you." (*Id.*)  Daniel further confirmed the name, address, phone number, and personal information used

Page 9  – OPINION AND ORDER

to open the account with public records, and that in March 2017, an inbound call from the home phone number on file to confirm transactions verified to information on the account.   (*Id.*) Daniel stated that based on his investigation, Barclays "believe[s] the account is valid."   (*Id.*) Daniel enclosed a copy of the credit card application and indicated that phone calls attempting to collect on past due amounts would no longer be made.   (*Id.* at 2.)

On June 30, 2018, Johnson sent substantially similar Notices of Dispute as the June 1 Notice to Staley, Morzaria, and Hoyt addressed to Barclays Bank PLC in London, England, seeking "verification" of her debt and requesting they sign the same Affidavit.   (Kono Decl. Ex. 5 at 19, 25, 31.)   On July 13, 2018 and September 30, 2018, Johnson again sent Notices of Dispute to Staley, Morzaria, and Hoyt addressed to Barclays Bank PLC in Wilmington, Delaware, again seeking verification of the debt and enclosing the Affidavit.   (*Id.* at 37, 43,49; Filer Decl. Ex. 7 at 53.)

Johnson submitted a change of address form to the United States Postal Service on December 22, 2018.   (Kono Decl. Ex. 8.)

\ \ \ \ \

\ \ \ \ \

III.     State Court Action

On January 22, 2019, Suttell sent Plaintiff a demand letter on behalf of its client Barclays regarding the account.   (Filer Decl. Ex. 4.)   The letter, sent to the address on the account, explains that Suttell had been retained by Barclays in connection with the account, that the communication is from a debt collector, and that unless she disputed the validity of the debt within thirty days, it would presume the debt is valid.   (*Id.*)   Suttell did not receive a response to the letter from Johnson.   (*Id*.)

On February 20, 2019, Johnson again sent a "Notices of Dispute" to Staley, Morzaria, and Hoyt address to Barclays Bank PLC in Wilmington Delaware.   (Filer Decl. Ex. 7 at 38, 43, 48.) In the Notices, Johnson does not acknowledge the demand letter and repeats her assertions that the debt is disputed because Barclays used its own used its own capital and that it "did not perform under the agreement and risked nothing of value."   (*Id.*)   And, like the other Notices, Johnson seeks to have Staley, Morzaria, and Hoyt sign Affidavits attesting that Barclays does not use proper accounting principles, it receives an insurance payout for delinquent accounts, and it transferred the account.   (*Id.* at 41, 46, 51.)   The February 20, 2019 Notices reflect a new return address, showing that Johnson moved from 135th Avenue to Teal Boulevard in Beaverton, Oregon. (*Compare Id.* at 38 (listing Teal Boulevard) *with id.* at 53 (listing 135th Avenue).)

On March 15, 2019, Filer, working for Suttell and on behalf of Barclays, filed the State Court Action against Johnson seeking a judgment of $12,941.09 plus costs.   (Filer Decl. Ex. 5.) Barclays asserted claims for breach of contract and action on the account.   (*Id.* at 1-2.)   In the State Court Action complaint, Barclays alleged that Johnson applied for and received a credit card ending in digits 6576, used the card to make purchases, and subsequently stopped making

payments.  (*Id.* at 2.)   Barclays alleged that the account was charged off, that Johnson owed

$12,941.09, that periodic statements were provided to Johnson, and that:

> More than 30 days prior to the filing of this Complaint, [Barclays], through its
> attorneys, made demand upon [Johnson] to pay the balance due and owing.
> [Johnson] has failed or refused to pay the balance due and owing.

(*Id.* at 2.)   The State Court Action complaint also asserted that Johnson made charges on the

account in the amounts set out in the periodic monthly statements, that she made monthly payments

without objection, and ceased making monthly payments, thereby defaulting on the account.   (*Id.*

at 3.)   On May 3, 2019, Johnson filed an Answer in which she denied the breach of contract and

account stated claims, and asserted counterclaims alleging Barclays violated the Fair Credit

Reporting Act, 15 U.S.C. § 1681s-2(b), and the Truth in Lending Act, 12 U.S.C. § 226.17(a)(1),

Regulation Z.   (Filer Decl. Ex. 7 at 1-35.)   The State Court Action was referred to mandatory

arbitration.   Johnson failed to appear for the arbitration on September 13, 2019, and the arbitrator

entered an award for Barclays.  (Filer Decl. Ex. 8.)   Johnson appealed the arbitrator's award.

(Filer Decl. Ex. 9.)

The State Court Action was set for trial on February 6, 2020.  On behalf of Barclays,

Defendants filed a motion for summary judgment and a motion to dismiss the counterclaims, which

were heard on the scheduled trial date.   (Filer Decl. ¶ 12.)   Johnson filed a response to Barclays'

summary judgment motion, contending that Barclays' motion failed to comply with Oregon Rule

of Civil Procedure 47 because it was not filed more than sixty days in advance of the trial date.

(Pl.'s Am. Opp'n Defs. Mot. Summ. J. ("Pl.'s Am. Opp'n") Ex. C at 1-2, ECF No. 34 at 25-26.)

At the hearing, Filer requested that the trial be set over because Barclays did not have a witness

available.   (Pl.'s Am. Opp'n Ex. B.)   Washington County Circuit Court Judge Eric Butterfield

denied Barclays' request to set the trial over, denied Barclays' summary judgment motion, granted

Page 12  – OPINION AND ORDER

Barclays' motion to dismiss Johnson's counterclaims, and dismissed the case with prejudice. (Filer Decl. Exs. 10-11.)

IV.    The Instant Lawsuit

On August 29, 2019, Johnson filed the instant lawsuit alleging three counts of FDCPA violations against Defendants.   Defendants move for summary judgment, contending that Johnson has failed to create a genuine issue of fact on any of the asserted FDCPA violations.   (Defs.' Mot. Summ. J., ECF No. 26.)   Plaintiff has filed responses and submitted evidence, and she challenges the evidence submitted by Defendants.   (Pl.'s Opp'n, ECF No. 30; Pl.'s Opp'n, ECF No. 31; Pl.'s Am. Opp'n, ECF No. 34.)   Defendants have filed a Reply.   (Defs.' Reply, ECF No. 36.)

*Legal Standard*

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).   A party seeking summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).   If the moving party demonstrates no issue of material fact exists, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.   A party cannot defeat a summary judgment motion by relying on the allegations set forth in the complaint, unsupported conjecture, or conclusory statements. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Summary judgment thus should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In determining whether to grant summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Curley v. City of N. Las Vegas*, 772 F.3d 629,

Page 13  – OPINION AND ORDER

631 (9th Cir. 2014); *Hernandez*, 343 F.3d at 1112.   All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party.   *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976).   However, deference to the nonmoving party has limits.   The nonmoving party must set forth "specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e) (emphasis added).   The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

*Discussion*

I.    <u>Johnson's Claims</u>

Johnson contends that Defendants violated the FDCPA in three ways: (1) by falsely representing in the State Court Action complaint that they sent Johnson the January 21, 2019 demand letter, violating § 1962e(2)(A); (2) by falsely stating they sent Johnson the demand letter, and failing to conduct an adequate investigation prior to commencing the State Court Action when they knew Johnson disputed the debt, violating § 1962e(5); and (3) by falsely stating in the State Court Action that she made charges and payments on the account without objection and that Barclays provided monthly statements, violating § 1962e(10).   (Compl. ¶¶ 27, 29, 31-32; Pl.'s Am. Opp'n at 8, 11-12.)   Plaintiff seeks statutory damages, fees and costs, and punitive damages. (Compl. at 9.)   At bottom, Plaintiff asserts that Defendants violated the FDCPA by failing to apprise her of her "rights under the FDCPA prior to Defendants' initiation" of the State Court Action."   (Pl.'s Am. Opp'n at 5.)   Johnson also appears to assert that Defendants knew she disputed that Barclays owns the account, and that Defendants did not have a good faith basis for

Page 14  – OPINION AND ORDER

initiating the State Court Action.   Defendants do not contest that they were acting as debt collectors when they sent the January 22, 2019 demand letter and filed the State Court Action.

I.      Relevant FDCPA Provisions

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."   15 U.S.C. § 1692(e).   Thus, "Congress designed the [FDCPA] to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."   *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1998) (internal quotation marks omitted).

Section 1692e generally prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt."   Subsections one through sixteen provide a nonexhaustive list of prohibited conduct.   Johnson alleges that Defendants violated subsections (2)(A), (5), and (10), which prohibit the following acts:

(2) The false representation of –

    (A) the character, amount, or legal status of any debt;

. . . .

    (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . . .

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Page 15  – OPINION AND ORDER

"The FDCPA 'comprehensively regulates the conduct of debt collectors,' and 'is a strict liability statute.'" *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011)); *McCullough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) ("[T]he FDCPA is a strict liability statute[.]").

Alleged violations of these provisions are evaluated from the standpoint of the "least sophisticated debtor." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). That standard requires an "objective analysis" that considers whether "the least sophisticated debtor would 'likely be misled' by a communication." *Id.* (quoting *Swanson*, 869 F.2d at 1225). The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because it is "designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive." *Gonzales*, 660 F.3d at 1061-62 (internal quotation marks and citations omitted). "At the same time, the standard 'preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care.'" *Id.* at 1062 (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

II.    Johnson's Claims Against Defendants

    A.    *§ 1692e(2)(A)*

Johnson argues that Defendants have violated § 1692e(2)(A) by falsely claiming in the State Court Action that they made demand upon her to pay the debt.   Johnson contends that because she did not receive the January 22, 2019 demand letter, Defendants' statement that they made demand upon her and that she failed to pay the amount owed is false.   Johnson is incorrect.

Under Ninth Circuit law, a § 1692g(a) notice must be "sent" to consumer by the collector, but the "collector need not establish actual receipt by the debtor."   *Mahon v. Credit Bureau of Placer Cnty., Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999).   Rather, under § 1692g(a) and the traditional mailbox rules, letters that are sent utilizing ordinary first class mail and consistent with business practices are presumed received.   *Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1240 (C.D. Cal. 2012) (granting summary judgment on § 1692g(a) to debt collector where debtor failed to create genuine issue of fact that mailing was not accomplished).   To overcome this presumption, "a debtor must prove 'by clear and convincing evidence that the mailing was not, in fact, accomplished.'"   *Id.*

Here, Defendants attest that they sent the demand letter on January 22, 2019, and did so in the manner consistent with their ordinary business practice.   (Filer Decl. ¶¶ 5-7.)   Defendants also attest that they did not hear from Johnson within 30 days of mailing the demand letter.   (*Id.* at ¶ 7.)   Viewing the evidence most favorably to Johnson, she fails to rebut the presumption of delivery of the January 22, 2019 demand letter sent to her last known address.   The evidence in the record shows that Johnson completed a Change of Address form and that "mail should arrive at your new address within [seven-to-ten] postal business days" after December 20, 2018, the effective forwarding date on the form.   (Kono Decl. Ex. 8.)   Johnson, however, identifies no

Page 17  – OPINION AND ORDER

evidence showing that mail sent to her at that address was returned as undeliverable. Thus, Johnson has not produced any evidence, let alone clear and convincing evidence, that the mailing was not accomplished. *Grant*, 842 F. Supp. 2d at 1241; *see also Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1096-98 (D. Or. 2000) (granting summary judgment to debt collector where debtor failed to rebut debt collector's evidence that demand letter was mailed following ordinary business practices); and *Mahon*, 171 F.3d at 1201 (holding that § "1692(g) requires only that a Notice be 'sent' by a debt collector . . . . Nowhere does the statute require receipt of the Notice."). Johnson has not rebutted the presumption that the demand letter was sent and has not created a genuine issue of material fact that Defendants made demand on her when they sent the January 22, 2019 demand letter, and thus not demonstrated the statement in the State Court Action to that effect was not false, misleading, or deceptive. Accordingly, Defendants are entitled to summary judgment on Count I.

      B.    *§ 1692e(5)*

In the Complaint, Johnson contends that Defendants violated § 1692e(5) by threatening to take action that could not be taken. In her briefing, Johnson argues that Defendants violated § 1692e(5) because she did not receive the demand letter. (Pl.'s Am. Opp'n at 8.) Johnson also argues that Defendants violated § 1962e(5) by failing to conduct an adequate investigation prior to commencing the State Court Action when they knew Johnson disputed the debt. (*Id.*) Finally, Johnson contends that Defendants violated § 1962e(5) because there is no evidence that Barclays Bank Delaware, the named plaintiff in the State Court Action, is the creditor on the account. Johnson's arguments fail for three reasons.

First, Johnson has not identified any action Defendants took or threatened to take that could not legally be taken. As shown above, Defendants were not required to confirm that Johnson

received the demand letter as a condition of filing the State Court Action.  *Grant*, 842 F. Supp. 2d at 1241.

Second, Defendants were not required to conduct a more thorough investigation into the validity of the debt prior to filing the State Court Action.  "The FDCPA does not impose upon the debt collector a duty to independently investigate the claims presented by the alleged debtor." *Blackmon v. Ad Astra Recovery Servs., Inc.*, Case No. 20-cv-800-CAB-JLB, 2021 WL 1541647, at *5 (S.D. Cal. Apr. 20, 2021) (discussing that under § 1962g, once the debt is confirmed by client, the debt collect does not need to investigate further).  Under the FDCPA, within reasonable limits, Suttell and Filer could rely upon information provided by their client that the debt owed has been verified and is owed.  *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006) (holding debt collectors are entitled to rely on client statements and do not have independent duty to investigate).  Here, Filer attests that he was aware of the "disputes" that Johnson sent to Barclays and that "a review of those communications did not show that [Johnson] disputed that she had made the charges in the amount shown on the statements, or that there was any reason to question the accuracy of the information in the statements."  (Filer Decl. ¶ 8.) Johnson fails to create an issue of fact that Filer was required to conduct a more thorough investigation prior to filing the State Court Action.

Although Johnson sent "Notices of Dispute" to Barclays, those notices did not challenge that she opened the account or was responsible for the charges.  The undisputed evidence presented here shows that Johnson opened the account in 2015, and that she regularly made charges on the account for plane tickets, car rentals, purchases at grocery stores, a Zoom subscription, and more.  (Kono Decl. Exs. 1.)  Defendants have submitted Johnson's bank statements showing that she made payments to Barclays on the account.  (Kono Decl. Ex. 2.)  Finally, Defendants point

Page 19  – OPINION AND ORDER

to evidence showing proof of Johnson's purchases with the credit card in her name ending in digits 6576.   (Kono Decl. Ex. 3.)   Contrary to Johnson's contention, there is no genuine issue of material fact that Suttell or Filer could not reasonably rely on Barclay's verification that Johnson owed the debt when it filed the State Court Action.

And third, Johnson's suggestion that Barclays Bank Delaware was not creditor on the account and thus that Defendants violated § 1962e(5) by initiating the State Court Action on its behalf, is wholly without merit.   The monthly billing statements sent to Johnson clearly identify the card as "Barclaycard Visa with Apple Rewards" and each statement further provides that "Your credit card is issued by Barclays Bank Delaware."   (*E.g.,* Kono Decl. Ex. 1 at 4; Filer Decl. Ex. 1 at 9.)   Johnson's assertions to the contrary are unsupported by the record.

Accordingly, Johnson fails to create any genuine issue of material fact that Defendants, acting on behalf of their client Barclays, violated § 1692e(5) when it initiated the State Court Action.   Defendants are entitled to summary judgment on Count II.

C.     § 1692e(10)

Johnson argues that Defendants falsely represented in the State Court Action that she made monthly payments without objection.   (Pl. Am. Opp'n at 11.)   Johnson contends there is no evidence in the record that she made a single payment to Barclays Bank Delaware.   (*Id.* at 12.) Johnson contends that beginning June 1, 2018 through February 2019, she sent disputes to Barclays and that Barclays failed to provide her with verification or validation as she requested. (*Id.* at 11-12.)   Johnson argues that because Barclays failed to verify the debt, and because the monthly billing statements failed to identify the entity sending them, Defendants lacked standing to sue her on behalf of BBD in state court.   (*Id.* at 12.)

Johnson's argument is premised on her contention that her Barclaycard Visa with Apple Rewards was not owned by Barclays Bank Delaware, but her argument rests pure conjecture, as discussed above.   The undisputed evidence convincingly shows that Johnson charged items to the credit card account, she made payments to Barclays from her bank account in a timely manner for a number of years, and that in June of 2018, she ceased making payments.   Not only is Johnson's contention that she never made a payment to Barclays wholly unsupported, it is directly disproved by the record.

Johnson's argument that Defendants used deceptive methods or false representations by pursuing the State Court Action on behalf of Barclays is misplaced and speculative.   The least sophisticated consumer would recognize that the Barclaycard Visa with Apple Rewards was issued by Barclays Bank Delaware.   *See Campbell v. Am. Credit Recovery Servs. Inc.,* Case No. 2:15-cv-09079-ODW-AGR, 2016 WL 3219866, at *3 (C.D. Cal. June 8, 2016) ("Under the FDCPA it is sufficient to avoid confusion if the debt collector uses the full business name of the creditor, the name under which it usually transacts business, or a commonly-used acronym."); *see also Iadevaio v. LTD Fin. Servs., L.P.*, No. 17-cv-4112 (JFB) (SIL) 2019 WL 4094922, at *6 (E.D.N.Y. Aug. 29, 2019) (collecting case).   Several places on the monthly billing statements identify Barclays Bank Delaware.   And, on June 26, 2018, Johnson received a letter response to her Notice of Dispute which plainly stated her card was issued by Barclays Bank Delaware.   (Kono Decl. Ex. 6.)   In the demand letter, Defendants clearly identified they were attempting to collect the debt on behalf of Barclays Bank Delaware.   (Filer Decl. Ex. 4.)   Further, Defendants clearly indicated in their state court filings that they were filing the State Court action on behalf of their client, Barclays Bank Delaware.   No reasonable debtor would be confused that Barclays Bank Delaware was the full name of the creditor on the account.

Page 21  – OPINION AND ORDER

For all these reasons, Johnson fails to create a genuine issue of material fact that Defendants used false, misleading, or deceptive means in pursuing the State Court Action that violated § 1692e(10).   Accordingly, Defendants are entitled to summary judgment on Count III.[3]

<em>Conclusion</em>

Based on the foregoing, Defendants' Motion for Summary Judgment (ECF No. 26) is GRANTED.   Any pending motions are denied as moot and this case is dismissed.

IT IS SO ORDERED.

DATED this 2nd day of December, 2021.

_____
JOHN V. ACOSTA
United States Magistrate Judge

---

[3] Because Defendants are entitled to summary judgment on Johnson's FDCPA claims, the court declines to address the parties' remaining arguments.

Page 22  – OPINION AND ORDER